CASE 20—PETITION ORDINARY—APRIL 12.

# Prince v. Antle.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. COLLATERAL ATTACK ON JUDGMENT.—Only a void judgment can be disregarded in a collateral proceeding. A valid judgment, however erroneous, is binding on the parties to it as long as it stands unreversed.

2. SAME.—One whose interest in a tract of land has been allotted and conveyed to another in a regular proceeding for a division of the land to which he was a party can. not disregard that judgment, and sue to recover the land upon the ground that the person to whom it was allotted was not his "vendee," as alleged in the suit for partition, but had purchased under a void judgment.

ISAAC R. GREENE FOR APPELLANT.

The Constitution of the State requires that all process shall be in the name of the "Commonwealth of Kentucky," and an attachment which does not conform to this requirement is void. While the order of attachment may be indorsed upon the summons as a matter of convenience,

Prince v. Antle.

it must be complete in itself, and nothing in the summons can supply a defect in the attachment.   (78 Ky., 278; Little v. Little, 5 Mo., 229.)

N. G. ROGERS FOR APPELLEE.

Brief not in record.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant, in 1869, owned one-sixth remainder interest in a tract of land in Jefferson county, Kentucky, and his five sisters owned one-sixth each in said tract, their father owning the curtesy therein. The appellant's interest in said land, in certain action against him for debt, was in said year attached upon the ground that he was a non-resident of this State.   Judgment was obtained for the sale of said interest, and it was sold in 1871, and John G. Antle became the purchaser.   The sale was confirmed, and the deed was made in said year.   The appellant in said action was only before the court by warning order.   It appears that the order of warning was not in the name of the Commonwealth of Kentucky, nor in any language equivalent to being in the name of the Commonwealth of Kentucky.   It is, therefore, contended that this defect in the order of warning rendered all subsequent proceedings, including the sale of the land and the confirmation of the sale, absolutely void ; consequently, the appellant had the right to disregard the proceedings and sale of his said interest, and resort to this action of ejectment for the recovery of it.

It is unnecessary in this case to pass upon the question as to whether or not, by reason of said defective order of warning, the sale, &c., of said interest

was void, and consequently could be disregarded, and action be brought to recover the possession of said interest. The reason why it is unnecessary to pass upon said question is, that after said sale and confirmation, the tenant by the curtesy having died, the sisters of the appellant, together with their husbands, said Antle being one of them, brought an equitable action against the appellant for the purpose of having said land divided among them. The appellant was in this action proceeded against as a non-resident, and was properly proceeded against as such. It was sought in said action to have the appellant's interest in said land allotted to said Antle as the appellant's "vendee." The court did adjudge that said Antle was the vendee of the appellant's interest in said land, and allotted the same to him, and a deed was made to him accordingly. The appellees claim under that deed. The court, in said action, had jurisdiction of the thing, and the appellant was before the court by constructive services of process. All the proceedings were regular and jurisdictional in this action. The appellant's interest in said land was allotted to Antle as the appellant's vendee, and he or his wife have held the possession of it ever since, claiming it as belonging to him or her. Suppose that Antle was not, in fact, the appellant's vendee; that the proceeding, so far as the sale of the land was concerned, was utterly void, and passed no title to him whatever; yet the court, in an action thereafter instituted against the appellant, adjudged that the said interest belonged to said Antle. That judgment stands in full force, and as long as it stands in full force it is binding on the appellant.

Prince v. Antle.

It is well settled that only a void judgment can be disregarded in a collateral proceeding. Even if the judgment is never so erroneous, it is binding on the parties to it as long as it stands unreversed, and estops the parties from calling in question said judgment in any collateral proceeding; but not so as to a void judgment. The latter may be disregarded in a collateral proceeding, because it is regarded in law as non-existent, and, therefore, estops not the parties to assert contrary to its provisions in a collateral proceeding. Suppose Antle, in the action for a division, had based his right as vendee upon a forged deed, or upon a verbal sale, which is void, and the court had allotted the land to him upon such evidences, no one will contend that the allotment would have been void. It is clear that it would have been binding on the appellant as long as he permitted it to stand in full force. In the case supposed, if it had appeared in the case that the deed was forged, or the sale was verbal, and the court had, nevertheless, rendered judgment sustaining the sale and allotting the land to Antle, the judgment would have bound the appellant as long as he permitted it to stand in full force, and it would stand in full force against him until it was set aside by a direct proceeding, such as the law directs.

The judgment is affirmed.